**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LISA KEYS**                                                                                         **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:09-CV-703-CWR-LRA**

**CLYDE YEE; DAVE BODGE**                                               **DEFENDANTS**

**ORDER**

Before the Court is a motion to dismiss filed by the United States of America. Docket No. 16. The government has made a special appearance because the defendants are current or former employees of the National Park Service. *Id.* at 1. The government argues that dismissal is appropriate because the defendants have never been appropriately served. *Id.*

As background, Lisa Keys filed this *Bivens*[1] action in November 2009. Docket No. 1. Fifteen months later, an Order was issued in February 2011 directing her to explain why service had not been completed within 120 days as required by Federal Rule of Civil Procedure 4(m). Docket No. 2. Instead of responding, Keys asked for and received summonses from the Clerk – but then never served them on the defendants. In July 2011, the Magistrate Judge ordered Keys to serve the defendants by August 25, 2011, and cautioned Keys that the case would be dismissed under Rule 4(m) if service was not completed by then. Docket No. 5.

Shortly thereafter, Keys returned as executed four summonses. They reveal that she took the following steps:

1. On August 8, 2011, Keys sent a summons and copy of the complaint via certified mail, return receipt requested, to the United States Attorney's Office for the Southern District of Mississippi, to the attention of the Civil Process Clerk. Docket No. 10, at 1-3. The return receipt shows that it was received the following day. *Id.* at 2.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

2. On August 8, 2011, Keys sent a summons and copy of the complaint via certified mail, return receipt requested, to the Attorney General of the United States, Eric Holder, in Washington, D.C. Docket No. 10. The return receipt shows that it was received on August 16, 2011. *Id.* at 2.

3. On August 9, 2011, Keys sent a summons and copy of the complaint via certified mail, return receipt requested, to Dave Bodge at Guidepost Solutions in Washington, D.C. Docket No. 9, at 7-9. The return receipt shows that it was signed for on August 11, 2011, by a person whose signature cannot be identified. *Id.* at 8.

4. On August 12, 2011, Keys sent a summons and copy of the complaint via certified mail, return receipt requested, to Clyde Yee at the Grand Canyon National Park. *Id.* at 4-6. The return receipt shows that it was signed for by Lisa Reynolds on August 16, 2011. *Id.* at 5.

Keys filed these executed summonses with the Clerk on August 24 and 25, 2011. Docket Nos. 10-11. Nothing happened for the next 33 months.

In May 2014, the Magistrate Judge set this matter for a status conference for early June. The Minute Entry shows that Keys was ordered "to advise the Court via email not later than June 11, 2014, as to whether she wishes to proceed pro se with this action." After a further email exchange with the Magistrate Judge, Keys notified the Clerk that she wished to proceed with her case *pro se*. Docket Nos. 12-13.

Keys' letter indicates that she believes she properly served Yee at the Grand Canyon. *Id.* She also claims she named the United States as a defendant by listing it on her summons, adding that she completed service upon the United States by her mailings. *Id.*

The government's motion argues that certified mail was not sufficient to serve the defendants, and even if it was, the recipients were not authorized to accept service for the defendants. Docket No. 16, at 3.[2] It contends that dismissal is appropriate under Rule 4(m) because Keys had "numerous" opportunities over years to serve the defendants and failed to do so. *Id.* at 4. Finally, it argues that to the extent Keys stated a claim against the United States, it has sovereign immunity from *Bivens* actions. *Id.* at 4-5.

An earlier Text Order issued by the Magistrate Judge had given Keys 14 days to respond in writing to the government's anticipated motion to dismiss. *See* Text Only Order of July 31, 2014. As of this Order, more than 14 days have elapsed without a response having been filed. The Court will proceed to take up the government's motion.

Service of process is governed by Federal Rule of Civil Procedure 4. Rule 4(m) requires defendants who are not served within 120 days of the complaint's filing to be dismissed without prejudice unless the plaintiff has shown good cause for the delay. Fed. R. Civ. P. 4(m).

"Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with" the Federal Rules of Civil Procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *e.g.*, *Horton v. Faurecia Auto.*, No. 3:13-CV-21-DPJ-FKB, 2014 WL 2196310, at *2 (S.D. Miss. May 27, 2014) ("These rules apply equally to *pro se* litigants. Although *pro se* pleadings must be viewed liberally, such plaintiffs are still required to follow Rule 56 of the Federal Rules of Civil Procedure.").

While Rule 4(e)(2) does not permit a plaintiff to effect service by certified mail, Rule 4(e)(1) does provide a mechanism for service by certified mail in limited circumstances. *See*

---

[2] In order to pursue claims against the federal officers, Keys was required to serve the United States as directed by Rule 4(i)(1)(A)(ii) and Rule 4(i)(1)(B), which she did, *and* serve the officers in accordance with Rule 4(i)(3).

3

*DeCarlo v. Bonus Stores, Inc.*, 413 F. Supp. 2d 770, 773-74 (S.D. Miss. 2006). Assuming Keys qualifies for that exception, which is not at all certain, there is no indication that the recipients of Keys' certified mailings to Yee and Bodge were entitled to accept service on those persons' behalf. Keys has produced no evidence that those served were authorized to accept service for the named defendants. She bears that burden. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *see also Tate v. Walle*r, No. 5:05-CV-166-DCB-JMR, 2007 WL 2688532, at *4 (S.D. Miss. Sept. 10, 2007); *Pendleton v. Williams*, No. 3:12-CV-376, 2013 WL 2546684, at *1 (M.D. Tenn. June 10, 2013). The lack of authority means service was incorrect.

No good cause has been shown for Keys' failure to properly serve the complaint on the defendants in the nearly five years that have elapsed since its filing. Dismissal is appropriate under Rule 4(m).

Finally, although Keys' complaint does not name the United States as a defendant, *see* Docket No. 1, at 1, the government is correct that it has sovereign immunity from *Bivens* actions. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.").

The motion to dismiss is granted. In accordance with Rule 4(m), this action is hereby dismissed without prejudice. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 24th day of September, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE